Raymond Herschel JOHNSON,
Plaintiff-Appellant,

v.

Al C. PARKE, Warden, and Beth Jones,
Programs Director,
Defendants-Appellees.

No. 80–1034.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 30, 1980.

Decided Feb. 26, 1981.

Raymond Herschel Johnson, pro se.

Jan Eric Cartwright, Atty. Gen. and Janet L. Cox, Asst. Atty. Gen., State of Okl., Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing as frivolous Raymond Herschel Johnson's action filed pursuant to 42 U.S.C. § 1983. Johnson brought this action while he was incarcerated in the Joseph Harp Correctional Center in Lexington, Oklahoma. He alleged that early in 1979 he had requested copies of religious materials, that prison officials had denied his request, that he had then drawn up a legal petition to challenge this denial in February 1979, and that prison authorities had refused to let him make more than one copy of his legal petition even though the U.S. District Court had informed him that he needed to file more than one copy of certain documents which could not be hand copied, and even though he offered to pay for the copies. A special administrative review conducted pursuant to an order of the court below revealed that when Johnson made this offer to pay, he had $306 in his inmate trust account—an amount more than sufficient to cover the copying costs. Thereafter, according to the complaint, Johnson filed an inmate's complaint with the warden in response to which he received two different responses. The prison's programs director responded that Johnson did not need and therefore would not receive additional copies of his legal filings because in an in forma pauperis filing like his, the court would provide all required additional copies. Plaintiff's classification officer responded as follows: "I have already made (1) copy of this for you and explained that until a new policy comes out allowing us to make more than one copy, or one that will allow resident to pay for additional copies, I cannot make another copy of this for you." Johnson then filed the present action in the Western District of Oklahoma alleging that by denying him the opportunity to make and pay for additional copies of his filings in his initial religious documents suit, prison officials had denied him his right of access to the courts, and that he therefore had a cause of action under § 1983. The district court, on the basis of the pleadings and a special administrative report, found Johnson's complaint to be frivolous and dismissed it for failure to state a claim upon which relief can be granted. We disagree.

We note initially that the district court's procedures in reviewing the pleadings and the special report in determining whether the complaint was frivolous was proper. *See Robinson v. Benton*, 579 F.2d 70 (10th Cir. 1978); *Martinez v. Chavez*, 574 F.2d 1043 (10th Cir. 1978); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). However, we find that Johnson's claim was not frivolous.

Plaintiff's allegations state alternative grounds upon which relief can be granted. Defendants' policy concerning how many photocopies of legal documents an inmate is entitled to is unclear. Depending on the district court's construction of this policy, Johnson's complaint states a claim either on the ground that defendants violated their own rule, or that the rule itself violated plaintiff's constitutional right of access to the court.

■ Liberty interests can be created by rules; *Walker v. Hughes*, 558 F.2d 1247, 1255 (6th Cir. 1977); *see also Gurule v. Wilson*, 635 F.2d 782 (10th Cir., 1980); consequently, if the district court finds that plaintiff expected the rule would be complied with and that defendants failed to follow the rule's procedures, plaintiff would state a due process claim. The special administrative report construed the rule as follows:

> "Department of Corrections policy provides that inmates can obtain one free copy of any document to be filed in a lawsuit. If the inmate has sufficient funds in his trust account to prevent him from proceeding as a pauper, then copies will be provided by the institution at a cost of 15 cents per page."

Thus, if Johnson was not proceeding in forma pauperis, his entitlement to additional copies for his February proceeding should have been dependent only upon his ability and willingness to pay 15 cents per page.

The prison's programs director, in his response to Johnson's request for additional copies of material for the February proceeding, assumed that Johnson was proceeding in forma pauperis. But that assumption may have been unwarranted. Although plaintiff does not explicitly bring to our attention the nature of his aborted February proceeding, the record strongly suggests that he could not proceed in that action in forma pauperis. For instance, W.D.Okla.R. 5(8) states, "In the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money and securities in petitioner's, movant's or plaintiff's institutional account exceeds Seventy-five Dollars ($75.00)." Given this rule and the special report's finding that Johnson had $306 in his inmate trust account when he was preparing his claims, it appears unlikely that plaintiff would have been permitted to proceed in forma pauperis in that action. There is no record or mention of any such

motion in the February action, nor does either party allege that the proceeding was in forma pauperis.

■ Finally, when the prison's programs director noted that Johnson in his February action was proceeding as a pauper—an observation which appears from the record to be possibly erroneous—she also stated that in such a proceeding the district court would provide all required copies in addition to plaintiff's original copy. While this court is not in a position to decide the merits of this assertion, as the parties have not briefed it, and it is only indirectly relevant to this action,[1] if it is correct, Johnson's declaration that he possesses letters from the district court stating that he needed to file more than one copy of certain legal documents in the February action, is further evidence that that proceeding was not in forma pauperis. Therefore, assuming the correctness of the special report's interpretation of prison policy, because Johnson was not a pauper but had sufficient funds to pay for additional copies, and because he allegedly offered to pay for the copies and was denied, the allegation that the denying prison officials acting in their official capacities violated their own rule to plaintiff's detriment states a cause of action under § 1983.

■ There is evidence in the record, however, that the report did not accurately state prison policy and that the rule itself violated plaintiff's right of access to the court. The prison's Policy Statement No. P–090100, Procedure C.4. states, "Upon request, inmates will be provided one photocopy of legal documents and other materials to be sent to the courts." This "one copy and one copy only" construction of the rule is supported by the classification officer's response to Johnson's grievance report. The classification officer maintained that she could make only one copy of his legal documents, apparently whether or not he

---

1. W.D.Okla.R. 5(9) appears to contradict the prison official's assertion: "Plaintiffs submitting complaints for civil rights relief must submit the original and one copy of the complaint for the court and one copy for each of the persons named as defendant in the complaint." No exception is made for paupers.

was deemed a pauper, "until a new policy comes out allowing us to make more than one copy or one that will allow resident to pay for additional copies. . . ." If the rule does limit all inmates to one copy only of their legal documents, and more than one copy must be filed with the court, then it unconstitutionally restricts an inmate's right of access to the courts to the degree that it makes it very difficult or impossible for an inmate to satisfy the filing requirements of the federal courts. *See Harrell v. Keohane*, 621 F.2d 1059 (10th Cir. 1980). *See also Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The constitutional concept of an inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery. *See Harrell v. Keohane, supra.* When an inmate's access to the courts is not unduly hampered by the denial of access to such machinery, he cannot complain. *Id.* But here, at least in his February action, Johnson claims he was required to submit more than one copy of his complaint to the district court.[2] Likewise, were he to appeal from the district court's decision, Johnson would be required to file multiple copies of his brief with this court.[3] Granted, the district court rules and the Tenth Circuit rules do not specify that *photocopies* of materials be provided. However, when numerous copies of often lengthy complaints or briefs are required, it is needlessly draconian to force an inmate to hand copy such materials when a photocopying machine is available and the inmate is able and willing to compensate the state for its use. Allowing inmates to pay for and receive photocopies of the legal materials required by the courts is part of the "meaningful access" to the courts that inmates are constitutionally entitled to. *See Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977).

Because there are several factual uncertainties to be resolved, and the complaint before us in this case is not frivolous, the order of dismissal is vacated and the cause remanded for further proceedings consistent with this opinion. The procedures recently reviewed in *Nordgren v. Hayward*, 638 F.2d 224 (10th Cir. 1981), may be utilized, including limited interrogatories, requests for admission, and other discovery devices; and summary judgment may yet be appropriate once the inconsistencies have been resolved.

VACATED AND REMANDED.

---

**2.** *See* W.D.Okla.R. 5(9) quoted in n.1, *supra.*

**3.** Tenth Cir.R. 11(a) requires that:
  Ten copies fo briefs shall be filed in all appeals. If additional copies are needed counsel will be required to furnish them.

Carbon copies of briefs will not be accepted, except that an original and three legible carbon copies may be filed by an indigent appellant not represented by court-appointed counsel.