963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Washshukru AL-JABBAR a'LA, Plaintiff-Appellant,
v.
Michael DUTTON; William Lloyd; Lou Atwood; Roy Omtvedt;
Johnny Stephens; E.F. Dawson; Officer Maury,
Defendants-Appellees.
 No. 92-5004.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Washshukru Al-Jabbar a'la sought monetary, declaratory and injunctive relief in this action brought against various Tennessee state prison employees. Al-Jabbar maintained that defendants deprived him of First Amendment rights. He alleged that he was denied sufficient photocopying, postage and law books to conduct civil rights litigation. He also alleged that defendants denied him access to the telephone, opened his legal mail outside of his presence and filed disciplinary reports against him in retaliation for his litigation activities.
 
 
 4
 Upon review, we conclude that summary judgment was proper. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Material facts are not in dispute. Defendants are entitled to judgment as a matter of law because Al-Jabbar failed to show that he was deprived a protected right. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Importantly, Al-Jabbar did not demonstrate any prejudice to pending litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 6
 First, a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense. See Johnson v. Parke, 642 F.2d 377, 380 (10th Cir.1981) (per curiam).
 
 
 7
 Second, the First Amendment guarantees him a right of access to the courts, not to the prison library. See Walker, 771 F.2d at 932.
 
 
 8
 Third, reasonable restrictions on telephone use do not implicate the loss of a First Amendment right, especially as in the present case, where Al-Jabbar was not denied an opportunity to consult with an attorney. See Wooden v. Norris, 637 F.Supp. 543, 553 (M.D.Tenn.1986).
 
 
 9
 Fourth, the evidence submitted by Al-Jabbar did not demonstrate that, by opening his mail outside his presence, the defendants were motivated by personal prejudice towards him, that they intended to interfere with his right of access to the courts, or that they otherwise acted in a capricious manner. See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986).
 
 
 10
 Fifth, the First Amendment does not protect a prisoner from having to defend against misconduct reports. Cf. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986) (prisoner has no constitutionally protected immunity from being falsely accused), cert. denied, 485 U.S. 982 (1988). Al-Jabbar's allegations of retaliation do not demonstrate an egregious abuse of authority sufficient to defeat a motion for summary judgment. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 11
 Accordingly, the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation