**Scott GILES, Plaintiff,**

v.

**Arthur TATE, Jr., et al., Defendants.**

No. C–1–94–543.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 5, 1995.

Scott Giles, Lebanon, OH, Pro Se.

Frances Lynne Sheard, Ohio Attorney General's Office, Cincinnati, OH, for defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Order Denying in Part Plaintiff's Motion to Compel Discovery and Request for Counsel (Doc. 27), Plaintiff's Motion for Sanctions

(Doc. 29), and the Defendants' Memorandum in Opposition to Plaintiff's Motion for Sanctions (Doc. 30).

We review the Magistrate Judge's Order *de novo* pursuant to 28 U.S.C. § 636. The Plaintiff's objections to the Magistrate Judge's Order center on two claims: 1) that he was denied his constitutional right of access to the courts, and 2) that he should be entitled to court-appointed counsel. We agree with the Plaintiff on his first claim, and reverse the Magistrate Judge's Order (Doc. 24) in accordance with this order. As to Plaintiff's second claim, we affirm the Magistrate Judge's Order (Doc. 25).

## I. Right of Access to the Courts

The Plaintiff has alleged civil rights violations against various prison officials and has requested several documents in support of his claims. The Defendants have agreed to make such documents available to the Plaintiff for photocopying at the rate of 35 cents per copy. In his motion, the Plaintiff requests that the prison be required to provide some sort of reasonable means for him to pay the 35 cents per copy out of his state pay of nine dollars a month. The Plaintiff argues that the current prison policy does not allow for a credit system, where prison officials could deduct a certain amount from his pay each month until the costs of photocopying are satisfied. Ultimately, the Plaintiff argues that the Defendants' refusal to provide a means for the Plaintiff to pay for the copies has effectively denied him meaningful access to the courts. We agree.

A prisoner/plaintiff bringing a civil action has no general constitutional right to free, unlimited photocopying services. *See Bell Bey v. Toombs,* No. 93–2405, 1994 WL 105900 *1 (6th Cir. Mar. 28, 1994) (unpublished) (citing *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989); *Wanninger v. Davenport,* 697 F.2d 992, 994 (11th Cir.1983)). The Plaintiff, however, does not ask for this general right. Instead, he asks to be provided a fundamental right of access to the courts.

In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the United States Supreme Court held that the funda-mental right of access to the courts requires prison authorities to provide prisoners with access that is "adequate, effective, and meaningful." *Id.* at 822, 97 S.Ct. at 1495. The United States Court of Appeals for the Sixth Circuit expanded on the definition of "meaningful access" in *Walker v. Mintzes,* 771 F.2d 920, 931 (6th Cir.1985). In *Walker,* inmates at three Michigan correctional facilities claimed that by restricting access to prison law libraries, prison officials violated their right to access to the courts. *Id.* at 924. None of the prisoners, however, were engaged in litigation, nor were they planning to pursue any claims in the near future. The Sixth Circuit held that the prisoners had failed to make out a prima facie case of denial of access to the courts, because they were unable to show that restricted access to the library had prejudiced them in pending litigation or impeded their access to the courts in any way. *Id.* at 932 (citing *Twyman v. Crisp,* 584 F.2d 352 (10th Cir.1978) (finding no constitutional violation where the prisoner possessed the legal material he needed to pursue his claim)). *Walker* stands for the principle that a prisoner must show prejudice in pending litigation to state a viable claim of denial of access to the courts. *See also Oswald v. Graves,* 819 F.Supp. 680, 683 (E.D.Mich.1993) (finding no constitutional violation where the plaintiff failed to show that a one-time refusal to make a photocopy had prevented him from meeting deadlines, or prejudiced him in any pending litigation). Therefore, a prisoner's constitutional rights are not violated when his/her access to the courts is not hampered by denial of access to photocopy machines.

On the other hand, if a prisoner can show that the prison policy impeded "meaningful access," several courts have found constitutional violations. For example, in *Johnson v. Parke,* 642 F.2d 377 (10th Cir.1981), the court found that a prison policy that allowed "one copy and one copy only" of materials to be sent to the courts violated the Constitution. *Id.* at 379. In *Johnson,* the prison policy did not allow a resident to make more than one copy or allow a resident to pay for additional copies. *Id.* at 380. The court noted that "[a]llowing inmates to pay for and receive photocopies of the legal materials

required by the courts is part of the 'meaningful access' to the courts that inmates are constitutionally entitled to." *Id.* (citing *Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)). The court explained that it would be "needlessly draconian" to force an inmate to hand copy the court documents when photocopy equipment is available and the inmate is willing to pay. *Id.; see also Gluth v. Kangas,* 951 F.2d 1504, 1510 (9th Cir.1991) (finding that "litigation necessarily requires some means of accurate duplication because the courts and the parties need to refer to the same documents"); *Allen v. Sakai,* 48 F.3d 1082, 1089 (9th Cir. 1994) (upholding prisoner's right to have photocopies of court papers); *Jones v. Franzen,* 697 F.2d 801, 803 (7th Cir.1983) (holding inmate stated valid claim against prison officials if he shows that prison's policy impeded court access).

■ The preceding case law indicates that although a prisoner does not have an unlimited right to free copying, some reasonable means of access to a photocopy machine will be necessary to protect an inmate's right of access to the courts. Therefore, if a prisoner can show that the current prison policy is in some way hindering his/her meaningful access to the courts, then the "reasonableness" of the prison policy will be examined. *See Kendrick v. Bland,* 586 F.Supp. 1536, 1553 (W.D.Ky.1984) (finding that a prison policy providing two free copies to all inmates and allowing additional copies to be paid for at ten cents a copy, while providing unlimited free photocopies to indigent prisoners, constituted meaningful access); *See also Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980) (upholding prison policy that provided for reproduction of documents by the institution at a cost of ten cents per copy charged to the prisoner's account).

■ In applying the preceding law to the case at hand, the Plaintiff must first show that under the current prison policy he will suffer actual injury in pending litigation. The Plaintiff argues that his nine dollars a month in state pay is insufficient to cover the cost of copying the requested medical records and other discoverable documents necessary to maintain his civil rights suit, which

he previously filed. Moreover, the Warren Correctional Institution has no system for providing prisoners a reasonable means of paying for copies on a credit basis. As a result, the Plaintiff is effectively denied access to documents that are critical to his own pending litigation, and therefore, he has demonstrated actual injury.

■ Next, we examine the "reasonableness" of the prison policy. The Defendants' current photocopy policy, unlike the prison plans in *Kendrick* and *Harrell,* does not provide prisoner/plaintiffs with a reasonable means of paying for documents necessary for litigation. The cost of obtaining documents in this case are 35 cents, while the cost of copying in *Kendrick* and *Harrell* was ten cents. This difference in cost by itself does not make the policy unreasonable, but this difference in addition to the lack of a credit system, makes access virtually impossible for a hopeful plaintiff. In order to protect a prisoner's right of access to the courts, the prisoner should at least be given the option of choosing to spend some of his/her present and future state pay on photocopying documents. A credit system or a cheaper photocopying charge would enable the prisoner to pay and receive the documents necessary for litigation. Consequently, we agree with the Plaintiff's objections.

Thus, the Court REVERSES the Magistrate Judge's Order denying the Plaintiff's motion to compel discovery.

## II. Motion for Sanctions

■ The Plaintiff also moved for sanctions because the Defendants failed to comply in a timely manner with this Court's order granting in part Plaintiff's Motion to Compel Production of Documents. See Document 24. The Defendants acknowledged the delay and have apologized to the Plaintiff. The Defendants' attorney, who was previously assigned to this case, resigned, and the case was recently reassigned to the current counsel. The Defendants claim that this caused the delay. We find that the Plaintiff has not suffered prejudice, as a result of the Defendants' delay. In the future, we expect both the Defendants and the Plaintiff to promptly

comply with any orders of the Court. If such delay occurs again, we will consider sanctions. At this time, however, we DENY the Plaintiff's Motion for Sanctions.

### III. Right to Counsel

■ In his complaint, the Plaintiff requested the appointment of counsel (doc. 22). The Magistrate Judge denied the Plaintiff's Motion For the Appointment of Counsel (doc. 25), because the Plaintiff failed to show the Court that he had made reasonable efforts to secure representation. The Plaintiff failed to file a certification with the Court stating that (1) he has contacted at least three lawyers by mail or otherwise; (2) he has submitted to each lawyer a written narrative statement of the facts upon which his claim is based; (3) he has requested representation by each of the lawyers; and (4) those requests were denied. Additionally, the Magistrate Judge asked the Plaintiff to provide the Court with a copy of his narrative statement and the lawyers' names and addresses. The Plaintiff did not respond to the Magistrate Judge's Order. The Plaintiff must comply with the Magistrate Judge's Order if he expects the Court to consider whether his case merits appointed counsel. We DENY his objections because he has failed to comply with the Magistrate Judge's requests.

Consequently, the Court AFFIRMS the Magistrate's Order DENYING his motion for appointment of counsel.

### CONCLUSION

Accordingly, the Court REVERSES the Magistrate Judge's Order denying the Plaintiff's motion to compel discovery, and AFFIRMS the Magistrate Judge's Order denying his motion for appointment of counsel. Finally, the Court DENIES the Plaintiff's motion for sanctions.

SO ORDERED.