70 P.3d 688

**Richard DRENNON, Plaintiff–Appellant,**

v.

**G. Noel HALES and Joni Buckley, Defendants–Respondents.**

No. 27926.

Court of Appeals of Idaho.

March 24, 2003.

Rehearing Denied May 19, 2003.

Review Denied Aug. 7, 2003.

Richard Drennon, pro se appellant.

Hon. Alan G. Lance, Attorney General; James D. Carlson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an action brought by an inmate alleging that he was deprived of access to the courts through actions of a deputy clerk in the office of the Canyon County Court Clerk. The district court granted summary judgment dismissing the action, and we affirm.

## BACKGROUND

In the spring of 2000, Richard Drennon, a prisoner in the custody of the Idaho Department of Correction, was preparing to file a pro se petition for post-conviction relief in the Canyon County district court. Drennon wished to attach to the petition exhibits that totaled an estimated 1,800 pages. When faced with Drennon's request that the petition and all the exhibits be photocopied, prison personnel telephoned Joni Buckley, a deputy court clerk in Canyon County. As a result of that conversation, prison personnel refused to copy the exhibits. According to Drennon's allegations, after the prison staff refused to make the requested photocopies, he obtained the assistance of a friend, who photocopied the documents at his own expense. Drennon filed his petition for post-conviction relief and later lodged the exhibits with the court. The petition was eventually summarily dismissed by the district court.

Drennon then initiated the present action against Buckley and her employer, Canyon County Clerk G. Noel Hales. Drennon's complaint alleges that the defendants are liable under 42 U.S.C. § 1983 for violation of Drennon's civil rights by depriving him of his right of access to the courts. Drennon's complaint seeks damages of more than $1,600 which he allegedly owed to his friend for photocopying the documents, other compensatory and punitive damages, and injunctive relief.

The defendants filed a motion for summary judgment supported by an affidavit from Buckley. The affidavit stated that Buckley recalled receiving a telephone call in early March 2000, from an individual she understood to be from the correctional department of either Minnesota or Wisconsin. The caller told Buckley that an inmate wanted to file a complaint that had 1,800 pages of exhibits. According to the affidavit, Buckley told the caller that exhibits are not required at the time a complaint is filed and could be later presented to the judge if the case went to a hearing. The affidavit said that about a month later, Buckley received a telephone call from Drennon's wife who complained that prison personnel were refusing to make copies needed by Drennon to file a petition and that the prison personnel said that Buckley told them it was unnecessary to copy anything except the petition. Following this conversation, Buckley discussed the matter with a district court judge.[1] According to Buckley's affidavit, the judge directed her to tell the prison employee that the court clerk would accept the petition for filing without the exhibits and that Drennon could summarize his reasons for needing the exhibits and let the presiding judge decide if the exhibits were necessary. Buckley followed these instructions and on April 10, 2000, spoke by telephone with a prison employee. Buckley told the employee that Drennon's petition would be accepted for filing, and the prison employee should have Drennon summarize the exhibits he would like to send. Drennon did file his petition for post-conviction relief on April 13, 2000. Shortly thereafter, he lodged with the court the approximately 1,800 pages of exhibits that had been photocopied by his friend. The petition was dismissed by the district court in June 2000.

The district court in the present case granted the defendants' motion for summary

1. This judge did not preside in either Drennon's post-conviction action or the present action.

judgment, noting that Buckley's acts had not deprived Drennon of his right of access to the courts inasmuch as he had been able to file his post-conviction relief application and all of the supporting documents. Drennon appeals.

## ANALYSIS

■ On review of an order granting summary judgment, we apply the same legal standard as that used by the trial court. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994); *Washington Fed. Sav. & Loan Ass'n v. Lash,* 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho Rule of Civil Procedure 56(c). *See also Avila v. Wahlquist,* 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Idaho Bldg. Contractors Ass'n v. City of Coeur d'Alene,* 126 Idaho 740, 742, 890 P.2d 326, 328 (1995). This Court liberally construes the evidence in favor of the party opposing the motion and draws all reasonable inferences in that party's favor. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Doe v. Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). If reasonable persons could reach different findings or draw conflicting inferences from the evidence, the motion must be denied. *Farm Credit Bank,* 125 Idaho at 272, 869 P.2d at 1367; *Doe,* 110 Idaho at 470, 716 P.2d at 1242. Drennon argues that the evidence is sufficient to raise factual issues concerning his claim that he is entitled to recover for deprivation of his right of access to the courts.

■ It is well established that prisoners have a constitutional right of access to the courts for purposes of directly or collaterally challenging their convictions or sentences or the conditions of their confinement. *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72, 78 (1977); *Martinez v. State,* 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct.App.1997). This right is grounded in the Due Process and Equal Protection Clauses of the United States Constitution. *Murray v. Giarratano,* 492 U.S. 1, 11 n. 6, 109 S.Ct. 2765, 2771 n. 6, 106 L.Ed.2d 1, 12 n. 6 (1989). The right encompasses entitlement to services and supplies that are indispensable to the filing of documents with the court. *Allen v. Sakai,* 48 F.3d 1082, 1089 (9th Cir.1994). Therefore, an indigent, unrepresented inmate must be afforded some means of accurately duplicating documents where such is necessary for presentation of the inmate's claims. *Id.; Johnson v. Parke,* 642 F.2d 377 (10th Cir. 1981).

■ The right of inmates to present their claims to the courts does not mean, however, that they have a right to require prison authorities to provide unlimited free photocopying. *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991); *Johnson v. Parke,* 642 F.2d at 380. Rather, inmates must be given only those supplies and services that are actually needed to prepare and file court papers. *Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.1999); *Johnson v. Parke,* 642 F.2d at 380; *Canell v. Bradshaw,* 840 F.Supp. 1382, 1388 (D.Or.1993). Therefore, photocopying service is required only for documents that are relevant and necessary to the prosecution of the inmate's particular case.

■ If an inability to obtain photocopies did not prevent the filing or meaningful presentation of an inmate's claim to the court, the inmate cannot show "actual injury," which is a required element of a claim for deprivation of access to the courts. *See Lewis,* 518 U.S. at 349–56, 116 S.Ct. at 2179–82, 135 L.Ed.2d at 616–20; *Vandelft v. Moses,* 31 F.3d 794, 796 (9th Cir.1994). "Actual injury" means a specific instance in which a nonfrivolous legal claim was frustrated or impeded. *Lewis,* 518 U.S. at 353, 116 S.Ct. at 2182, 135 L.Ed.2d at 619; *Madrid,* 190 F.3d at 996; *Stotts v. Salas,* 938 F.Supp. 663, 667 (D.Haw. 1996); *Canell v. Multnomah County,* 141 F.Supp.2d 1046, 1055–56 (D.Or.2001); *Scott v. Kelly,* 107 F.Supp.2d 706, 709 (E.D.Va. 2000). An inmate need not show that the claim he was prevented from pursuing in

court would have ultimately prevailed; it is sufficient to demonstrate that the claim had at least arguable merit. *Lewis,* 518 U.S. at 353 n. 3, 116 S.Ct. at 2181 n. 3, 135 L.Ed.2d at 619 n. 3. The actual injury requirement is satisfied if, for example, an inmate shows that a nonfrivolous case went unfiled or was dismissed because the inmate could not pay the cost of postage, legal copies or legal supplies. *Gluth v. Kangas,* 951 F.2d 1504, 1509 n. 2 (9th Cir.1991).

In the present case, the record includes no evidence that Drennon suffered an actual injury as a result of the prison staff's refusal to photocopy the documents that he wished to file with his petition for post-conviction relief. Before the petition was submitted to the court, Drennon was informed that the application would be accepted for filing without the proposed voluminous attachments and that his additional documents could be submitted to the court later as exhibits if they were needed. The petition was in fact filed and heard on the merits by the district court. Not only has Drennon failed to show that his post-conviction action was prevented or impeded by the refusal of photocopying services, he has not even demonstrated that the documents in question were relevant to or supportive of his post-conviction claims. The district court that heard the post-conviction action and actually reviewed the documents, found that the documents were largely inadmissible and were cumulative of other materials in court records.

Finally, Drennon has not shown that the post-conviction claims that he sought to support with the photocopied documents were not frivolous. The claims were summarily dismissed by the district court after consideration of the documents in question. On its face, the petition for post-conviction relief was barred by the one-year statute of limitation, Idaho Code § 19–4902, was a successive petition prohibited by I.C. § 19–4908, and suffered from other significant infirmities. The dismissal of the petition was affirmed by this Court in an unpublished opinion, *Dren-*

*non v. State,* Docket No. 26694, 138 Idaho 126, 58 P.3d 110 (Ct.App. June 25, 2002) (unpublished).

On the record before us, it is apparent that Drennon cannot sustain his burden to prove that he suffered an actual injury as a result of Buckley's advice to prison officials that photocopies of exhibits need not be filed with Drennon's petition. Absent evidence of an actual injury, Drennon's claim for denial of his constitutional right of access to the courts cannot be sustained. Accordingly, we hold that the district court correctly granted summary judgment dismissing this action.

## ATTORNEY FEES

The defendants have requested an award of attorney fees on appeal pursuant to I.C. § 12–121. Fees may be granted under that statute if the court is left "with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Ashby v. Western Council, Lumber Prod. and Indus. Workers,* 117 Idaho 684, 688, 791 P.2d 434, 438 (1990); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Because we conclude that this standard is satisfied here, attorney fees on appeal are awarded to the defendants.

## CONCLUSION

Drennon has failed to demonstrate error in the district court's dismissal of his action. Therefore, the judgment of the district court is affirmed. Costs and attorney fees to respondents Hales and Buckley.

Judge PERRY and Judge GUTIERREZ concur.