# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37656

| | | |
|---|---|---|
| CHRISTOPHER D. BRIGGS, | ) | 2011 Unpublished Opinion No. 326 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 20, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SANDY JONES and R. MONTE | ) | THIS IS AN UNPUBLISHED |
| MACCONNELL, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order awarding attorney fees, <u>affirmed</u>.

Christopher D. Briggs, Boise, pro se appellant.

Greg H. Bower, Ada County Prosecuting Attorney; Sherry A. Morgan, Senior Deputy Prosecuting Attorney, Boise, for respondents.

_____

LANSING, Judge

Christopher D. Briggs appeals from the district court's award of attorney fees against him after his complaint for damages against two Ada County Sheriff's deputies was dismissed on summary judgment. We affirm.

## I.

## ANALYSIS

While he was incarcerated in the Ada County jail, Briggs filed a pro se civil complaint in state court against two sheriff's deputies: Monte MacConnell, a "law library deputy," and Sandy Jones, the "law library supervisor." By his complaint, Briggs alleged that because he was an indigent inmate, he was entitled to free stamps and envelopes from the facility to ensure his access to the courts. He alleged that MacConnell had repeatedly refused to supply him with those free materials such that Briggs could not mail correspondence and pleadings and was thus blocked from access to "various criminal defense attorneys in open and active cases" as well as

1

the clerks of courts. He also alleged that he filed kites and grievances complaining of MacConnell's wrongs, that Jones initially told MacConnell to comply with Briggs's requests, but that MacConnell soon thereafter again refused to comply, and that Jones then supported MacConnell. Briggs complained that Jones was liable for her failure "to hold MacConnell accountable for his refusal" and by refusing to order MacConnell to comply with jail policy regarding indigent legal supplies. The complaint also asserted that MacConnell had wrongfully opened and read confidential letters that Briggs had written to his criminal defense counsel. The complaint sought, among other things, actual damages of $287 "continuing to accrue monthly" and $100,000 in punitive damages. After taking Briggs's deposition, the defendants moved for summary judgment. The district court granted the motion and dismissed the case. Thereafter, the district court awarded the defendants attorney fees under state law, finding that Briggs's pursuit of his case was frivolous and that he failed to state a claim for which relief could be granted.

Briggs appeals. He raises, as his sole claim of error, an unusual argument that attorney fees should not have been awarded against him because the cost of presenting a defense in this case could have been avoided if the district court had screened his complaint upon its filing and dismissed it as frivolous from the outset. That is, Briggs asserts that the attorney fees incurred by the defendants were not incurred because he filed a meritless lawsuit but rather because of the "district court's own neglect." He contends that because he sought a waiver of the filing fee due to indigency and because his lawsuit was "clearly brought pursuant to 42 U.S.C. § 1983," the district court was required to follow the provisions of 28 U.S.C. § 1915A[1] and 42 U.S.C. § 1997e.[2] These federal statutes require a trial court to conduct an initial screening of a prisoner-filed complaint and to dismiss it if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Briggs asserts that the facts of his lawsuit had not changed from the filing of his complaint forward and therefore, if the district court had performed the required pre-screening, Briggs's complaint would have been dismissed and the defendants would not have incurred any attorney fees.

---

[1] 28 U.S.C. § 1915A requires a court to screen a prisoner-filed lawsuit if the prisoner seeks waiver of the filing fee because he is indigent.

[2] 42 U.S.C. § 1997e requires a court to screen a prisoner-filed 42 U.S.C. § 1983 lawsuit "brought with respect to prison conditions."

We do not address whether either of the federal statutes establishing a screening process apply to actions brought in a state court under 42 U.S.C. § 1983, for we conclude that Briggs has not shown that his complaint would have been subject to dismissal as frivolous on its face if the district court had conducted the screening that Briggs now claims should have been done.

The framework for analyzing access to the court claims brought by inmates is set out in *Lewis v. Casey*, 518 U.S. 343 (1996). In the context of claims of denial of access to the courts due to inadequacy of the prison law library, the Supreme Court determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of confinement, but does not guarantee inmates the wherewithal to litigate other types of cases. *Id.* at 355. An inmate who alleges a deprivation of access to the courts is required to show actual injury in the sense that the inmate was actually hindered in the ability to pursue a legal claim. *Id.* at 349-51. There is also authority that opening or reading a prisoner's legal mail by prison officials will, in some circumstances, violate constitutional protections. *See Sallier v. Brook*, 343 F.3d 868 (6th Cir. 2003); *Cody v. Weber*, 256 F.3d 764 (8th Cir. 2001).

An inmate's civil rights action will be deemed frivolous and therefore subject to dismissal upon an initial court screening under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of the latter class are claims describing fantastic or delusional scenarios." *Id.* at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.") Applying these standards, Briggs's complaint was not factually frivolous on its face. It alleged that conduct of the state actors prevented him from accessing his criminal defense attorneys and the courts and that he was damaged. It also alleged that Briggs's confidential attorney-client mail was opened and read by a state actor and that he was damaged. These factual allegations did not describe "fantastic or delusional scenarios," nor are they "irrational or wholly incredible." Therefore, Briggs's complaint was not subject to pre-screening dismissal as factually frivolous.

Nor was Briggs's complaint subject to pre-screening dismissal as legally frivolous. A complaint that has an "arguable basis in law" is not subject to dismissal as legally frivolous. *Neitzke*, 490 U.S. at 325. The United States Supreme Court has identified a number of types of

3

claims that are legally frivolous because of their subject matter, including suits over "insufficient storage locker space," "a defective haircut," or "being served chunky peanut butter instead of the creamy variety." *Porter v. Nussle*, 534 U.S. 516, 522 (2002). Briggs's allegations do not fall within the genre of allegations identified by the United States Supreme Court as legally frivolous on their face.

Rather, it was not until Briggs was deposed that details of his claims were revealed which led the district court to find them frivolous. In his deposition it was revealed that Briggs was claiming that his constitutional right of "access to the courts" required the county defendants to supply him with free envelopes and stamps to contact any court, any attorney, or any person relating in any way to any past or present court case, whether criminal or civil. Briggs admitted that he was able to contact all of his attorneys in his various criminal cases, either in person or by telephone, and that after a short delay he was able to contact all of the courts and persons he wanted to contact.[3] As noted above, the right of access to the courts is limited to access for cases challenging the inmate's conviction or sentence or conditions of confinement. *See Lewis*, 518 U.S. at 354-55; *Martinez v. State*, 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct. App. 1997). Therefore, Briggs's admissions during his deposition that he had always been allowed contact with his criminal defense attorneys in person or by telephone, and that none of his delayed correspondence related to cases challenging the conditions of confinement, revealed that his access to the courts claim was without merit. In addition, Briggs was unable to identify any actual injury from the delay in his written communications that he attributed to the defendants, but he stated that he would amend his complaint if any damages came to light. He never did so. Similarly, Briggs was unable to identify any actual injury he suffered from his allegation, even if true, that MacConnell read his "attorney-client privileged mail." Although the district court ultimately found Briggs's claims to be frivolous after considering Briggs's deposition testimony and the defendants' evidence--a determination that Briggs does not challenge on appeal[4]--that does not indicate that the complaint itself disclosed that the claims were frivolous.

---

[3] According to the defendants' evidence, approximately three weeks after Briggs's first request for envelopes or stamps, he was given all of the materials that he had requested, free of charge.

[4] Briggs also does not contend on appeal that the amount of attorney fees awarded was excessive.

The district court's order awarding attorney fees did state that it was awarding attorney fees, in part, because Briggs's complaint failed to state a claim on which relief could be granted. However, the court's use of that terminology was imprecise. The district court did not dismiss any of Briggs's various "causes of action" in his complaint for failure to state a claim on which relief could be granted pursuant to I.R.C.P. 12(b)(6), but rather, dismissed the case on summary judgment after considering evidence outside of the pleadings. The court concluded that Briggs lacked standing to pursue a claim for relief under 42 U.S.C. § 1983 because he had no *evidence* that he had suffered an actual injury and that, after discovery, it became clear that many, if not all, of Briggs's claims of deprivations of his rights of access to the courts fell outside the scope of that doctrine. That is, while Briggs's complaint alleged potential plausible claims, his evidence did not support them. Notwithstanding the district court's imprecise language in its order awarding fees, Briggs has not shown that his complaint was facially frivolous and therefore would have been subject to dismissal if the court had conducted the type of screening described in 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

The defendants have requested an award of attorney fees pursuant to several statutes, including I.C. § 12-121. Fees may be granted under that statute if the court is left "with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Drennon v. Hales*, 138 Idaho 850, 854, 70 P.3d 688, 692 (Ct. App. 2003). Because we conclude that this standard is satisfied here, attorney fees on appeal are awarded to the defendants.

## II.

## CONCLUSION

Briggs has failed to demonstrate error in the district court's award of attorney fees against him. Therefore the court's order is affirmed. Costs and attorney fees to respondents.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**