**UNITED STATES COURT OF APPEALS**

April 11, 2018

**TENTH CIRCUIT**

JASON BROOKS,

            Plaintiff - Appellant,

and

JAMIE VALDIVIEZO-PEREA,

            Plaintiff,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; RICK RAEMISCH,
CDOC Executive Director; TERESA
REYNOLDS, CDOC Legal access
program and litigation manager;
LEEANN PUGA, FCF Law Librarian;
and DOES 1-50,

            Defendants - Appellees.

No. 17-1363
(D. Colo.)
(D.C. No. 1:17-CV-02190-GPG)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE, HOLMES**, and **MATHESON**, Circuit Judges.

_____

[*]     After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff Jason Brooks raises this interlocutory appeal from the district court's denial of his motion for a preliminary injunction and motion for a protective order. Mr. Brooks is a prisoner at the Fremont Correctional Facility ("FCF") of the Colorado Department of Corrections ("CDOC"). He filed this lawsuit under 42 U.S.C. § 1983 against CDOC and a number of individual defendants alleging a violation of his right to access the courts, as well as retaliation for exercising that right and for assisting other inmates in exercising their rights.

Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a), and construing Mr. Brooks's filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the district court's order.

Mr. Brooks previously sued CDOC and a number of its medical staff in a separate lawsuit alleging violations of Title II of the Americans with Disabilities Act and the Eighth Amendment of the United States Constitution, arising from inadequate provision of treatment for his ulcerative colitis. *See Brooks v. Colo. Dep't of Corr.*, No. 16-1469, 2017 WL 4785934, at *1 (10th Cir. Oct. 24, 2017) (unpublished). Mr. Brooks has spent a significant amount of time litigating this and other lawsuits. When not pursuing his own claims, Mr. Brooks also serves as a "jailhouse lawyer," assisting fellow inmates with legal work.

An FCF library policy permits inmates to assist each other with legal work,

2

but the policy requires both inmates to be present in the library while the assistance is rendered.  On August 21, 2017, Mr. Brooks attempted to print a motion for post-conviction relief for fellow inmate Jamie Valdiviezo-Perea while Mr. Valdiviezo-Perea was not present.  A legal librarian denied his print request, and Mr. Brooks responded by claiming that he and Mr. Valdiviezo-Perea were co-defendants—by which, he now explains, he meant that they became "co-defendants in equity" from the moment the print request was denied.  R. at 31 (Pl.'s Mot. for Prelim. Inj., dated Sept. 11, 2017).  The librarian concluded that Mr. Brooks and Mr. Valdiviezo-Perea were not co-defendants.  The librarian proceeded to read other legal documents saved in Mr. Brooks's digital folder, and demanded that Mr. Brooks delete files pertaining to other inmates in accordance with FCF's data storage policies.  Mr. Brooks did not comply, and the librarian deleted the files herself.

Mr. Brooks was "writ[ten ]up" for fraud following this incident, and for issuing a threat (which Mr. Brooks denies) during a subsequent confrontation with the same legal librarian.  *Id.*  Following a disciplinary hearing, Mr. Brooks lost thirty days of "good time," was moved out of the "incentive living unit," and was placed in segregated confinement for ten days; during eight of these days, Mr. Brooks claims that he did not eat because the food that he was provided exacerbated his ulcerative colitis.  *See id.* at 60 (Pl.'s Mot. for Protective Order, dated Sept. 12, 2017); Aplt.'s Opening Br. at 3.  Mr. Brooks claims that, "after

3

[he] was fraudulently written-up, [the legal librarians] revised the CDOC Word Processing Agreement to all [of a] sudden state, 'All documents created are subject to review by [a] Legal Assistant,'" and that this revised policy is "unconstitutional on its face." Aplt.'s Opening Br. at 4.

Mr. Brooks filed a complaint in the district court challenging various FCF policies that, he claims, infringe his right to access the courts without legitimate penological justification, and claiming that the disciplinary sanctions were imposed in retaliation for his exercise of that court-access right. Mr. Brooks simultaneously moved for a preliminary injunction to order the CDOC to "vacate" the disciplinary findings against him and restore his digital files, to prohibit prison officers from reading his legal documents, and to enjoin enforcement of policies: (1) requiring prisoners to consent to have librarians read their legal documents if they wish to use word-processing software; (2) requiring prisoners to be present in the library together if they wish to collaborate on legal work; and (3) placing restrictions on the type and length of documents that may be copied or printed in the legal library. R. at 40–41. Mr. Brooks argues that the requested injunctive measures are necessary to allow him to pursue this suit. Mr. Brooks also moved for a protective order prohibiting the law librarian from interacting with him or reading his digital files.

4

On September 18, 2017, the district court denied Mr. Brooks's motions.[1] The court held that Mr. Brooks had not shown that he would suffer irreparable injury absent injunctive relief, nor had he demonstrated a likelihood of success on the merits. The court further denied Mr. Brooks's motion for reconsideration, and dismissed Mr. Valdiviezo-Perea from the suit for failing to respond to the court's orders. On October 12, 2017, Mr. Brooks filed his notice of interlocutory appeal. The court denied Mr. Brooks's request for *in forma pauperis* ("IFP") status for this interlocutory appeal, finding that the appeal was "not taken in good faith." *Id.* at 148 (Min. Order, dated Nov. 14, 2017).

Mr. Brooks alleged, by way of a declaration dated September 21, 2017, that he was written up for two further "baseless" disciplinary charges, and that he was sent to disciplinary segregation after he filed the instant complaint. *Id.* at 79 (Decl. of Jason Brooks, dated Sept. 21, 2017). Mr. Brooks was apparently charged with using a derogatory word to refer to a prison officer.

On March 19, 2018, after this appeal had been pending for over four months, Mr. Brooks filed a request for this court to take judicial notice of the district court's March 1, 2018 order directing him to limit his amended complaint to thirty pages. Mr. Brooks challenges the legality of this order, arguing that he

---

[1] The district court issued this order before service was made upon the defendants. None of the defendants have appeared or filed briefs before the district court or on appeal.

5

requires a significantly greater number of pages to satisfy the pleading standards of Federal Rule of Civil Procedure 8. Mr. Brooks also repeats many of the factual and legal claims regarding the CDOC printing policies previously raised in his preliminary-injunction motion and his brief on appeal.

This court reviews the denial of a motion for a preliminary injunction for an abuse of discretion. *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1128 (10th Cir. 2013) (en banc), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, --- U.S. ----, 134 S. Ct. 2751 (2014). "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012) (quoting *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1223–24 (10th Cir. 2008)).

A movant must show that the following four factors weigh in his favor to establish a right to a preliminary injunction: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Id.* (alterations in original) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distribution, L.L.C.*, 562 F.3d 1067, 1070 (10th Cir. 2009)). To obtain a preliminary injunction altering the status quo, as requested here, the movant "must make a *strong* showing both with regard to the likelihood of

6

success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975–76 (10th Cir. 2004) (en banc) (per curiam) (emphasis added), *aff'd sub nom. Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418 (2006).

A preliminary injunction is an "'extraordinary remedy' that is granted only when 'the movant's right to relief [is] clear and unequivocal." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017) (alteration in original) (quoting *Wilderness Workshop*, 531 F.3d at 1224). Further, where a party seeks a preliminary injunction to "alter the status quo," "the movant must satisfy a heightened burden" of showing "that the exigencies of the case support" his motion. *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 975.

Mr. Brooks claims that prison policies and retaliation will cause irreparable injury to his right to access the courts absent a preliminary injunction because he will be unable to prosecute this and other lawsuits. The district court held that Mr. Brooks had not shown that he would suffer prospective, irreparable injury absent a preliminary injunction.[2] Based on our review of the record, we affirm.[3]

---

[2] Mr. Brooks's notice of appeal designates both the denial of the preliminary injunction and the denial of the protective order as orders appealed from. However, Mr. Brooks raises no arguments unique to his motion for a protective order on appeal. The district court treated both motions together as motions for preliminary injunctions, and we do the same here.

[3] Because we affirm on the basis that Mr. Brooks has not shown that he will suffer irreparable injury, we need not reach the district court's alternate

(continued...)

7

The right to access the courts is "one aspect of the First Amendment right to petition the government for redress," as well as a "guarantee[ of] the right to present to a court of law allegations concerning the violation of constitutional rights" protected by the Due Process Clause. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

As pertains to the rights of prisoners, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right to access the courts does not, however, guarantee inmates "the right to a law library or to legal assistance," but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds*, 430 U.S. at 825). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to *litigate effectively* once in court" or to "conduct generalized research." *Id.* at 354, 360. The right "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing

_____

[3](...continued)
holding that Mr. Brooks failed to show a likelihood of success on the merits. We offer no opinion regarding the likelihood of Mr. Brooks's ultimate success on the merits of his claims.

8

contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

A plaintiff must show "actual injury" to demonstrate a violation of the right to access the courts, as that right is not a "freestanding right to a law library or legal assistance." *Id.* at 351. The plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, Mr. Brooks has not shown that the CDOC policies will prevent him from "present[ing his] grievances to the courts." *Lewis*, 518 U.S. at 360. He has identified no concrete claim on his own behalf that he has been unable to present to a court on account of the various prison policies governing inmates' legal work.

Mr. Brooks claims that printing and copying restrictions will limit his ability to effectively litigate. He relies upon *Johnson v. Parke*, 642 F.2d 377, 379–80 (10th Cir. 1981) (per curiam), in which this court held that a prison policy strictly limiting the photocopying of legal documents to a *single* copy would unconstitutionally restrict inmates' rights to access the courts. The court in *Johnson* limited its holding, however, noting that "an inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery." *Id.* at 380.

The district court did not abuse its discretion here in finding that the CDOC

9

policies do not threaten irreparable injury. The policies did not prevent Mr. Brooks from presenting the district court with a fact-intensive, twenty-five page motion for a preliminary injunction in this case, complete with relevant legal support, and a twenty-three page brief on appeal substantially repeating the same factual allegations and legal arguments.

Mr. Brooks argues that First Amendment violations are, per se, irreparable injuries, citing *Elrod v. Burns*, 427 U.S. 347 (1976), for this proposition. That case involved claims by public employees who faced threats of discharge due to their political affiliations. *Id.* at 349. Irrespective of whether the political rights of public employees are even remotely analogous to prisoners' rights to access the courts, as discussed above, Mr. Brooks has not shown that he will suffer a First Amendment violation: He has not shown that the policies of the CDOC infringe upon his right—arising under the First Amendment—to "present . . . grievances to the courts." *Lewis*, 518 U.S. at 360.

Finally, Mr. Brooks alleges that immediate injunctive relief is required to protect the right of his co-plaintiff, Mr. Valdiviezo-Perea, to seek collateral relief from his conviction. Mr. Valdiviezo-Perea has been dismissed from this suit and has raised no appeal from that order. This court therefore lacks jurisdiction to review Mr. Brooks's claim to vindicate Mr. Valdiviezo-Perea's right. *See* FED. R. APP. P. 3(c)(1)(A); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate

10

review."); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 & n.2 (10th Cir. 1999).

For the reasons discussed above, we conclude that the district court did not abuse its discretion in holding that Mr. Brooks failed to show he would suffer irreparable injury absent a preliminary injunction, especially given the heightened showing required for injunctive relief altering the status quo. *See O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 976. We therefore **affirm** the district court's order denying a preliminary injunction.

As we mentioned, Mr. Brooks has asked us to take judicial notice of the district court's order limiting his amended complaint to no more than thirty pages. Mr. Brooks also has requested that we order supplemental briefing, apparently with the objective of obtaining relief from that order. The district court's order governing Mr. Brooks's yet-to-be-filed amended complaint is not at issue in this appeal from the denial of a preliminary injunction, and this court lacks jurisdiction to review orders of the district court not designated in Mr. Brooks's notice of appeal. *See Soma Med. Int'l*, 196 F.3d at 1300 & n.2. Any limitations upon Mr. Brooks's amended complaint are not relevant to the denial of preliminary injunctive relief under review.[4] We therefore **deny** Mr. Brooks's

---

[4] To the extent that Mr. Brooks's judicial-notice request includes factual and legal claims relevant to the order appealed from, such claims are repetitive of claims made in his opening brief on appeal.

11

request to take judicial notice, and decline to order supplemental briefing.

Finally, Mr. Brooks renews his request to proceed IFP on appeal. Under the IFP statute, this court may authorize the commencement of an appeal "without prepayment of fees." 28 U.S.C. § 1915(a)(1). Because we find that Mr. Brooks has advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)), we grant his request for IFP status.[5]

For the foregoing reasons, we **AFFIRM** the district court's judgment denying Mr. Brooks's motion for a preliminary injunction and motion for a protective order, and **GRANT** Mr. Brooks's request to proceed IFP on appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[5] Lest this grant engender any confusion, we underscore that Mr. Brooks is not relieved of the obligation to pay the full filing fee in partial payments. On December 19, 2017, Mr. Brooks filed a document styled, "Request for Ruling on Substantive Aspects of In Forma Pauperis," seeking in effect a waiver of these partial payments. Such waivers are statutorily prohibited. *See* 28 U.S.C. § 1951(b)(1). We properly hold Mr. Brooks responsible for having knowledge of this statutory prohibition when he elected to file and prosecute this appeal. His December 19 request is **denied.**

12