PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOE MARTINEZ,

        Plaintiff-Appellant,

  v.

DR. RICHARD GARDEN, M.D., at
the Utah State Prison, individually;
DR. KENNON TUBBS, M.D., at the
Utah State Prison, individually;
DR. SIDNEY ROBERTS, M.D., at the
Utah State Prison, individually;
CHRIS ABBOTT, P.A., at the Utah
State Prison, individually; TERRY
JEFFERIES, P.A., at the Utah State
Prison, individually; JOHN DOES
1-10, employees at the Utah State
Prison, individually,

        Defendants.

No. 05-4019

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:03-CV-230-DB)

---

Submitted on appellant's brief:

Joe Martinez, Pro Se, Appellant.

---

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

**BRORBY**, Circuit Judge.

Plaintiff, Joe Martinez, an inmate at the Utah State Prison, appeals from an order of the district court dismissing his pro se, 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted. For the reasons below, we reverse the order and remand the case for further proceedings. [*]

THE COMPLAINT

According to the allegations in the complaint, Mr. Martinez has a cyst on his left testicle and epididymis of his right testicle. He claims that these conditions were diagnosed by a physician in June 2002, and he was told that if his symptoms did not resolve themselves within a month, he would need surgery.

Mr. Martinez alleges that his condition never improved and that defendants failed to provide the required surgery at either the prison or an outside facility. He alleges that he is in constant pain as a result of the failure to treat him.

As to the failure to provide medical treatment, Mr. Martinez claims that defendants have told him that "there is nothing they can do for [his] condition because he has missed medical appointments." R. I., doc. 7 at 3-4. He alleges

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

that he has "not been informed of the medical appointments," and that he is "required to rely upon the staff at the Department of Corrections" to schedule and "arrange transportation" for his appointments. *Id*. at 4.

His § 1983 complaint, which was filed following exhaustion of his administrative remedies, seeks redress for violation of his Eighth Amendment right against cruel and unusual punishment, including compensatory and punitive damages and an order directing defendants to provide the prescribed medical care.

## THE STANDARD OF REVIEW

This court reviews a decision to dismiss for failure to state a claim de novo, and "[d]ismissal of a pro se complaint . . . is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (quotation omitted). In addition to construing a pro se complaint liberally, this court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id*. (citation omitted). [1]

## THE EIGHTH AMENDMENT

---

[1] None of the defendants were served in the district court. Thus, there are no responses to the complaint, nor do they appear in this court on appeal.

A "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 104-05.

"'Deliberate indifference' involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation omitted). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (quotation omitted).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quotation omitted). In measuring a prison official's state of mind, "the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted).

## THE DISTRICT COURT ORDER

The district court concluded that the allegations in Mr. Martinez's complaint were sufficient to establish an objectively serious deprivation. However, the court found that the allegations failed to meet the subjective test of deliberate indifference.

In reaching this conclusion, the district court found that the "only factual allegation regarding deliberate indifference was the alleged statement by Defendants that 'there is nothing they can do for [him] because he has missed medical appointments.'" R. I., doc. 22 at 5. The court attributed the lack of treatment to inadvertence or negligence on the part of defendants, and dismissed the complaint because a negligent or inadvertent failure to provide medical care is not actionable in a § 1983 lawsuit. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Instead, viewing the allegations and drawing the reasonable inferences therefrom in the light most favorable to Mr. Martinez, the complaint can be read to allege that defendants knew of his serious medical condition, and despite this

knowledge, failed to ensure that he received treatment. Knowledge of his medical condition, coupled with the alleged failure to inform him of medical appointments or to arrange transportation, may give rise to an inference that defendants acted with deliberate indifference. Alternatively, because Mr. Martinez also alleges that he was never informed of the medical appointments, one could infer that defendants did not make the appointments, thus also potentially establishing deliberate indifference.

The district court's summary conclusion that "[d]efendants have attempted to provide [Mr. Martinez] treatment by arranging medical appointments for him," R. I., doc. 22 at 5, is not supported by any evidence, disregards the allegations that he has never been informed of the medical appointments, and improperly construes the allegations in the complaint and the reasonable inferences drawn from them against Mr. Martinez, instead of in his favor. In reaching this conclusion, we do not express any opinion regarding the merits of the case.

The district court's order dismissing the complaint is REVERSED, and this matter is REMANDED for proceedings consistent with this opinion. Mr. Martinez's motion to proceed in forma pauperis is GRANTED, and he is reminded of his continuing obligation to make partial payments until he has paid the filing fee in its entirety.