**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES TUCKER,

    Plaintiff-Appellant,

v.

BRUCE MEYER; MS. MELTON;
TERRY MARTIN; GREG SHEIK,

    Defendants-Appellees.

No. 05-7057
(D.C. No. 03-CV-202-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL, ANDERSON**, and **BALDOCK**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Charles Tucker[1] is a former Oklahoma state prisoner with a back fusion, who spent part of his incarceration time at the Bruce Johnson Correctional Center (BJCC) participating in a boot camp program. After his release from prison, he filed a 42 U.S.C. § 1983 action seeking damages. Mr. Tucker alleged that defendants BJCC physician Bruce Meyer, Warden Janice Melton, supervisor Terry Martin, and unit manager Greg Sheik violated his Eighth Amendment rights by their deliberate indifference to his back pain and serious medical needs and violated his due process rights by assigning him to participate in the boot camp program.[2] The district court granted defendants' motion for summary judgment.

On appeal, Mr. Tucker argues that there are genuine issues of fact whether defendants (1) confessed an Eighth Amendment violation; (2) failed to provide appropriate medical care; and (3) required him to submit to a prison boot camp program without medical clearance and in violation of prison guidelines concerning age and physical condition. Also, Mr. Tucker argues that the district court failed to sufficiently discuss the issues.

---

[1]    Although Mr. Tucker was pro se when he filed his complaint, he has been represented by counsel throughout most proceedings, including this appeal.

[2]    Mr. Tucker made other allegations and sued additional defendants. None of those allegations or defendants are relevant to this appeal.

We review the district court's grant of summary judgment de novo, reviewing the record in the light most favorable to Mr. Tucker. *See Norton v. City of Marietta*, 432 F.3d 1145, 1152 (10th Cir. 2005) (per curiam). The district court appropriately granted summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show[ed] that there [was] no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applying these standards, we affirm.

Mr. Tucker first argues that there is a genuine issue of material fact whether defendants admitted violating his Eighth Amendment rights. The state district court granted Mr. Tucker post-conviction relief, releasing him from prison and ordering that he serve the remainder of his suspended sentence under the supervision of parole and probation authorities. Mr. Tucker maintains that because he sought post-conviction relief claiming that due to his physical limitations his due process and equal protection rights had been violated by placement in the boot camp and because he was granted post-conviction relief it follows that his Eighth Amendment rights were violated and defendants must have confessed as much. After reviewing the record, we do not reach the same conclusion. The assistant district attorney apparently confessed post-conviction relief, but there is no indication why she did so. The state court provided no

explanation for its decision granting post-conviction relief, and we will not speculate that the basis for its decision is as Mr. Tucker suggests. Even if the state court found due process and equal protections violations, that alone will not establish a genuine issue of fact regarding an Eighth Amendment violation. Moreover, defendants, who were not parties to the post-conviction proceedings, deny that they violated Mr. Tucker's Eighth Amendment rights.

Next, Mr. Tucker argues that there is a genuine issue of material fact whether defendants violated his rights by assigning him to a boot camp program without considering his age and physical condition and without providing proper medical clearance. Defendants, however, did not make the assignment. Rather, persons at the Lexington Assessment and Reception Center (LARC) made the decision to send Mr. Tucker to BJCC and to the boot camp program after LARC medical personnel physically assessed Mr. Tucker.

Third, Mr. Tucker argues that there is a genuine issue of fact whether he received appropriate medical care after he started the BJCC boot camp program. He contends that defendants were deliberately indifferent to his medical needs by denying him pain management program medications, substituting over-the-counter medications, delaying requested medical assistance over a weekend, taking only an x-ray and not an MRI of his back after he complained of pain, and allowing him to participate in the boot camp.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (footnote omitted). Deliberate indifference claims have both subjective and objective components. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "The objective component is met if the deprivation is 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation omitted)). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quotation omitted).

Contrary to Mr. Tucker's assertion, the record shows that he was not on a pain management program when he arrived at BJCC. While he was at LARC, he was taken off methadone, a pain drug he had used for only three weeks. He was treated with Lortab, Flexeril, Ibuprofen, and hot packs. Later, he was weaned off Lortab. His back pain resolved at LARC, and he requested that he be taken off Flexeril.

The record also shows that Dr. Meyer was not deliberately indifferent to Mr. Tucker's medical needs. Dr. Meyer promptly treated Mr. Tucker's medical

-5-

needs with over-the-counter and prescription medications. Dr. Meyer restricted him from running, running in place, side straddle hops, windmills, sit-ups, and double-time marching. On two occasions, Dr. Meyer relieved Mr. Tucker of all activity for the day. The doctor ordered x-rays, which showed Mr. Tucker's back fusion, but indicated no presence of acute problems. Mr. Tucker's expert witness testified at his deposition that Dr. Meyer provided humane treatment in good faith, and that Dr. Meyer's failure to order an MRI was not inhumane, *see generally Estelle*, 429 U.S. at 107 (deciding that whether to order additional tests is matter for medical judgment and failure to order tests is not cruel and unusual punishment). To the extent Mr. Tucker was dissatisfied with the type of medical care he received, such a difference of opinion does not constitute deliberate indifference. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

Mr. Tucker makes no specific assertions against Mr. Martin or Mr. Sheik on appeal. The record shows no genuine issues of material fact concerning their alleged deliberate indifference to his medical needs.

Mr. Tucker's only specific assertions against Wardon Melton are that "[i]t never occurred to . . . the Warden . . . that the pain management program prescribed by private physicians might be based on truth," Aplt. Br. at 13, and that she "acquiesce[d] and then approv[ed] of the disciplinary misconduct

-6-

demonstrat[ing] both direct involvement and deliberate indifference," *id.* at 18.

As indicated above, Mr. Tucker was not on a pain management program when he arrived at BJCC. The fact that he received a misconduct citation for refusing to participate in the boot camp when released by Dr. Meyer to do so does not show deliberate indifference by Warden Melton in light of the constitutionally adequate medical care he received.

Lastly, we reject Mr. Tucker's argument that the district court failed to sufficiently explain its decision, thereby precluding effective review.

Accordingly, we AFFIRM the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge