F I L E D
United States Court of Appeals
Tenth Circuit

March 14, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

DAVID WAYNE SMITH,

      Plaintiff - Appellant,

    v.

CLINT FREIL, UDC Warden; SCOTT
CARVER, UDC Executive Director;
BRYCE DeJULIO, Captain; DENNIS P.
GORDON, Lt.,

      Defendants - Appellants.

No. 05-4252
(D. Ct. No. 2:05-CV-68-TS)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this 42 U.S.C. § 1983 action, Plaintiff-Appellant David Smith, a state prisoner appearing pro se, appeals the dismissal of his claim in favor of Defendants-Appellees

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Scott Carver, Bryce DeJulio, Clint Friel, Thomas Garfield, and Dennis Gordon.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM in part and REVERSE in part.

## I.  BACKGROUND

After providing assistance to the Salt Lake County District Attorney in a murder investigation, Mr. Smith, a prisoner in a Utah state prison, was transferred to an Illinois prison due to safety concerns associated with his testimony.  In 1999, Mr. Smith was transferred back to Utah as a result of disciplinary action taken against him at the Illinois facility.  While there, he was informed by the Offender Management Review ("OMR") board that a note would be placed in his file and that staff members would be made aware of his safety concerns.

Over the next few years, Mr. Smith was attacked by other inmates on several occasions, which resulted in significant injuries to Mr. Smith.  He was first attacked in approximately May 2000.  While receiving medical treatment for injuries sustained during this attack, Mr. Smith escaped from custody.  When he was returned to custody in July 2000, he was placed in a different unit; nonetheless, he was attacked again.

In 2001, after a brief period of parole, Mr. Smith was again incarcerated. He was transferred between sections of the facility several times in the following months and after each transfer, he made staff members aware of his safety concerns.  While housed at the Uinta IV facility, he again participated in an OMR during which his safety concerns and his extensive injuries were discussed at length.  The OMR board members, which

included Captain DeJulio and Lieutenant Gordon, assured him that his safety issues were well-known and documented. He was attacked again in November of that year while still housed in Uinta IV.

After another brief period of parole, Mr. Smith returned to custody. He was placed in Uinta II, which he felt was particularly unsafe. After several complaints, he was transferred back to Uinta IV. He had another OMR and Captain DeJulio and Lieutenant Gordon again assured him that his safety concerns were well-documented. He was then placed in a section in which he had no concerns for his safety. Nevertheless, prison officials began transferring him between sections of the facility. Thereafter, he was twice attacked by cell mates.

Mr. Smith filed a § 1983 action against Defendants alleging they violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from other inmates. Before service upon any of the Defendants, the District Court dismissed his action for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.

## I. DISCUSSION

We review a § 1915(e)(2)(B)(ii) dismissal for failure to state a claim de novo, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend." *Id.*

The Eighth Amendment imposes upon prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). This duty includes protection of inmates from violence at the hands of other inmates. *Id.* at 833. To state a claim for a violation of the Eighth Amendment based upon prison officials' failure to protect an inmate from other inmates, the plaintiff must allege facts from which a court could conclude that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) that the "officials had a 'sufficiently culpable state of mind.'" *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). An inmate "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. Further, a plaintiff can show deliberate indifference by demonstrating that the prison official was aware of an obvious, substantial risk to a prisoner's safety even if the official "did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

Mr. Smith makes no allegations that Defendants Carver, Friel, or Garfield had any knowledge of the risk other inmates posed to Mr. Smith. In fact, he never mentions any of these defendants at all in his factual allegations; it appears that these defendants were named solely based on their supervisory roles. Accordingly, these defendants were

properly dismissed. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that respondeat superior liability is not cognizable for an action based on § 1983 and that "personal participation is an essential allegation in a § 1983 claim") (quotations and alteration omitted).

With respect to Captain DeJulio and Lieutenant Gordon, Mr. Smith alleges that they were aware of the risk to his safety because they participated in the OMR process. In his second amended complaint, Mr. Smith asserts that these defendants were "directly responsible for plaintiffs [sic] housing assignment." Despite these statements, the District Court determined that Mr. Smith failed to allege specific facts showing that these defendants were directly involved in making the housing assignments which led to the attacks upon Mr. Smith. The court also held that "even construed liberally," Mr. Smith's allegations did not support the conclusion that the officials were deliberately indifferent to Mr. Smith's safety because he failed to demonstrate that they knew that his housing assignment created a serious risk to safety.

We conclude that the District Court erred in dismissing these claims at this stage of the proceedings. Mr. Smith alleged that Captain DeJulio and Lieutenant Gordon, both of whom participated on the OMR board, were aware of the significant risk other inmates posed to Mr. Smith's safety. Indeed, they assured him that his concerns were well-documented. Mr. Smith also alleged Captain DeJulio and Lieutenant Gordon were directly responsible for his housing assignments. If Mr. Smith's allegations are true, as we must assume at this stage of the proceedings, then Captain DeJulio's and Lieutenant

Gordon's knowledge of the substantial risk of harm—a risk which was actually realized on five occasions—coupled with their direct involvement in Mr. Smith's housing assignment, could support an inference of deliberate indifference. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (stating that whether prison officials had knowledge of a substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence"); *Farmer*, 511 U.S. at 842 (stating that a plaintiff need only show that the official "failed to act despite his knowledge of a substantial risk of serious harm"). In so stating, we are mindful that courts must construe any reasonable inferences that might be drawn from the plaintiff's allegations in the light most favorable to the plaintiff, *see Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005), and that "[t]he issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his] claims." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quotations omitted). Therefore, in reaching this conclusion, we do not express any opinion regarding the merits of the case.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM dismissal of the complaint against Defendants Carver, Friel, and Garfield, and REVERSE and REMAND for proceedings consistent with this opinion with respect to Defendants DeJulio and Gordon. We also GRANT Mr. Smith's motion to proceed without prepayment of the appellate filing fee and remind him of his continuing obligation to make partial payments toward the filing

fee until it is paid in full.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge