**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

WILLIAM R. HOLT,

     Plaintiff - Appellant,

v.

ROBERT WERHOLTZ, Secretary of
Corrections; WILLIAM L.
CUMMINGS; RAY ROBERTS;
SUSAN GIBREAL; DEBBIE
BRATTON; AIMEE HOPKINS;
MARK FREY; RICHARD ENGLISH;
CORY D. RIDDLE; J. PATRICK
LAWLESS; CAROL GILLIAM
GREEN; JASON P. OLDHAM; K.L.
GARMAN; STEVEN C.
SHERWOOD; KAY McFARLAND,
Chief Justice; JOHN, Unknown
Justice; J. ST. PETER; (FNU) SHARP,
Doctor; KIERSTEN CAMP, Nurse
Practitioner; (FNU) EMERY, Director
of Nursing,

     Defendants-Appellants.

No. 05-3260
(D. Kansas)
(D.Ct. No. 05-CV-3204-SAC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

_____

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

William R. Holt, currently an inmate at the El Dorado Correctional Facility in El Dorado, Kansas,[1] appeals *pro se* and *in forma pauperis* (*ifp*) from the district court's dismissal of his 42 U.S.C. § 1983 complaint.[2] Holt brought his complaint against various state prison and court officials alleging they denied him his right of access to the courts by prohibiting him from making copies of pleadings to be filed in his direct criminal appeal. He also alleged prison officials violated his Eighth Amendment rights by failing to properly diagnose his shoulder injuries or provide him corrective surgery. On June 14, 2005, the district court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it under 42 U.S.C. §

---

[1] At the time he filed his complaint, Holt was incarcerated at the El Dorado Correctional Facility. However, on or about June 8, 2005, a few days before the district court dismissed his complaint, he was released from prison on parole. Holt immediately violated his parole by failing to report to his parole officer within twenty-four hours of his release. His parole was revoked and he was returned to the El Dorado Correctional Facility, where he currently remains until August 2006.

[2] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

1997e(c) for failure to state a claim.[3]

A. Right of Access to Court

In his direct criminal appeal to the Kansas Court of Appeals, Holt filed a *pro se* motion to dismiss his appointed counsel and his counsel filed a motion to withdraw. On January 28, 2005, the Kansas Court of Appeals denied both motions and granted Holt leave to file a supplemental brief by February 28, 2005.[4] The court further directed that if Holt wished to strike the brief already submitted by counsel, he should inform the court of this intention and renew his motion to dismiss counsel by February 28, 2005.

Thereafter, Holt received notice from the prison that his photocopying privileges were suspended until he significantly reduced the debt he owed the

---

[3] 42 U.S.C. § 1997e(c) allows a district court to dismiss *sua sponte*, without first requiring the exhaustion of administrative remedies, any action brought with respect to prison conditions under § 1983 if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

[4] This order, along with various other documents, are attached to Holt's appellate brief. These documents do not appear in the district court record. Ordinarily, we do not consider evidence offered for the first time on appeal. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994). However, these documents were referred to in the complaint. Moreover, Holt has alleged that the post office lost these documents and when they were found, it sent them to his mother's address rather than to him or the district court. It is clear from the record that some of Holt's documents were damaged by the post office and later sent to the district court with a postal authority apology. Because these documents are referred to in his complaint and there is some evidence supporting Holt's allegation that they were mailed with his complaint but lost by the post office, we will consider them.

prison for making legal copies.[5] He immediately grieved the issue, asserting the copying restriction impeded his ability to comply with the Kansas Court of Appeals' order because Kansas Supreme Court Rule 5.01(a) required a party to file an original and three copies of all pleadings filed in the Kansas Court of Appeals. When his grievance was denied, Holt attempted to file with the Kansas Court of Appeals a Motion to Seek Court Order, Request for Transcripts, Motion for Stay of Appeal, Motion for Reconsideration of Reduction of Appeal Bond, Motion for Reconsideration of Order Entered and Motion for Order to Remand and Limiting Questioning. He mailed these motions without providing the requisite number of copies. In his Motion to Seek Court Order, he explained that his inability to comply with Kansas Supreme Court Rule 5.01(a) was due to restrictions placed on him at the prison.

On February 8, 2005, the Kansas Court of Appeals returned his motions without filing them. According to a letter Holt received from a deputy clerk at the Kansas Court of Appeals, Holt's motions were not filed because at the time he filed them, he had court-appointed counsel and "all such concerns should be directed to [his] counsel."[6] (Appellant's Opening Br. at Ex. B-8.) The clerk also

---

[5] Although prison regulations allow indigent inmates to incur a debt of up to $50.00 for legal copies, Holt owed $146.00.

[6] This reason is consistent with Kansas Supreme Court Rule 5.01(b), which states: "Parties who are represented by counsel shall only be allowed to file motions on their own behalf to remove counsel or to file supplemental briefing."

stated: "Further, we are unable to file documents that have not been served upon opposing parties, or that do not have the appropriate number of copies attached for filing." (*Id.*) Holt sought further relief through the prison grievance procedure but was unsuccessful. He also unsuccessfully sought assistance from the Kansas Supreme Court, several Kansas Court of Appeals employees, his state appellate attorneys, and an attorney at Legal Services for Prisoners. Eventually, the Kansas Court of Appeals placed Holt's appeal on the Summary Calendar, meaning Holt's appeal would be decided without oral argument.[7]

In his federal court complaint, Holt alleged the prison's restriction on photocopying, along with the Kansas Supreme Court's and his state appellate attorneys' failure to assist him in filing his motions with the Kansas Court of Appeals, denied him access to the courts by impeding his ability to file pleadings in his direct criminal appeal. Holt certainly enjoys the fundamental right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996). However, to state a claim for deprivation of this right, he must demonstrate that an actual injury hindered his efforts to pursue a non-frivolous legal claim concerning his conviction and sentence (either in a direct appeal or habeas corpus proceeding) or the conditions of his confinement in a § 1983 action. *Id.* at 351-53, 355. He has failed to do so.

---

[7] The record does not reveal the final disposition of Holt's appeal.

Despite the Kansas Court of Appeals' rejection of his motions, Holt's direct appeal proceeded, albeit not *pro se*. Therefore, his efforts to pursue his direct appeal were not hindered by the prison's photocopying restrictions or by the failure of the Kansas Supreme Court or his state attorneys to assist him. Additionally, Holt's failure to provide the requisite number of copies was merely one of three reasons why his motions were not filed. The main reason was his failure to comply with the Court of Appeals' January 28, 2005 order, *i.e.*, his failure to file a supplemental brief or renew his motion to dismiss counsel and inform the court that he wished to proceed *pro se*. By not complying with the order, Holt attempted to file motions while still represented by counsel in violation of Kansas Supreme Court Rule 5.01(b). Thus, even assuming Holt has shown an actual injury, he has not shown that this injury resulted from the defendants' actions.

Moreover, "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when . . . there are suitable alternatives." *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980). "When an inmate's access to the courts is not unduly hampered by the denial of access to such machinery, he cannot complain." *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1980). Kansas Supreme Court Rule 5.01(a) only requires that three *legible* copies of a pleading be filed with the original in the Kansas Court of Appeals. Therefore, Holt had a reasonable alternative to photocopying

-6-

his motions — he could have produced hand-written copies of his motions.

    B.  Eighth Amendment

    Holt alleged in his complaint that he was taking 800 milligrams of Ibuprofen each day for severe pain in his rotator cup and claimed his condition requires corrective surgery.  To state an Eighth Amendment claim, Holt must show prison officials, by their acts or omissions, were deliberately indifferent to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  Deliberate indifference has two components.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  Under the objective component, the alleged deprivation must be sufficiently serious, that is, the medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* (quotations omitted).  The subjective component requires a prison official to know of and disregard an excessive risk to the inmate's health or safety.  *Id.*

    Holt's allegations fail to state an Eighth Amendment claim.  According to his own allegations, Holt was prescribed medication for his shoulder pain.  Therefore, prison officials did not disregard Holt's condition.  His assertion that corrective surgery is required is conclusory.  Without any medical opinion evidence, Holt's personal desire for surgery is insufficient.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the

inmate receives does not support a claim of cruel and unusual punishment.").

C. Conclusion

We conclude Holt's appeal is frivolous and DISMISS it. Holt has accumulated two strikes in this matter, one due to the district court's dismissal for failure to state a claim and one due to our dismissal of the appeal as frivolous. *See* 28 U.S.C. § 1915(g).[8] We DENY his "Motion Seeking Temporary Restraining Order" because it merely reiterates his denial of access to the court claim. We also DENY his "Renewed Motions for Temporary Restraining Order and Preliminary Injunction and Order Appointing Counsel and Additional Relief" because they seek the relief requested in his original motion for temporary restraining order and also improperly attempt to challenge the revocation of his parole, which occurred after the district court dismissed his complaint. Holt is reminded to continue making partial payments of his appellate filing fee until the

---

[8] While the district court dismissed the case pursuant to 42 U.S.C. § 1997e(c) for failure to state a claim, nothing in § 1915(g) limits the imposition of strikes to dismissals under 28 U.S.C. § 1915(e)(2). Moreover, because Holt proceeded *in forma pauperis* in the district court, the district court could have dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

entire balance is paid.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge