**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH PHILLIPS-BEY,

        Plaintiff-Appellant,

v.

BOBBY BOONE, MIKE MULLIN,
HARRY READING, CHESTER
MASON, TIM BUTLER, EMMA
WATTS, and LEE MANN,

        Defendants-Appellees.

No. 05-7107

(E.D. Oklahoma)

(D.C. No. CIV-04-348-S)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joseph R. Phillips-Bey, an Oklahoma state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint, which alleged under 42 U.S.C. § 1983 that the defendant prison officials violated his constitutional rights by requiring him to move from a medium-security to a maximum-security facility, thereby allegedly endangering his life. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's dismissal without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

## I. BACKGROUND

On May 25, 2003, prison officials recommended that Mr. Phillips-Bey be transferred from a maximum-security facility to a medium-security facility. On October 24, 2003, the warden of the medium-security facility requested that Mr. Phillips-Bey be transferred back to the maximum-security facility because he had become "no longer manageable at medium security due to his attitude toward authority." Rec. doc. 25, attach. 15, at 1 (Special Report of Review of Factual Basis of Claims, filed Jan. 10, 2005). The transfer back to the maximum-security facility occurred on January 6, 2004. Mr. Phillips-Bey alleges that as a result of this transfer, he has been "forced to cell with violent inmates against his will, and [the defendants have] set the Plaintiff up to be harmed intentionally." *Id.* doc. 2, at 2 (Compl., filed Aug. 5, 2004). With his complaint, he submitted documents that allegedly show how he exhausted his administrative remedies.

A magistrate judge directed the Oklahoma Department of Corrections

("ODOC") to provide a written report reviewing Mr. Phillips-Bey's complaint. *Id.* doc. 22 (Order Requiring Special Report, filed Nov. 10, 2004). After receiving the Special Report, which detailed the steps Mr. Phillips-Bey had taken to exhaust his administrative remedies, the district court dismissed the complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. 1997e(a), noting that he had "failed to file an appeal on any of his grievances." *Id.* doc. 42, at 6 (Dist. Ct. Order, dated Sep. 19, 2005). This appeal followed.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to exhaust administrative remedies. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). We accept the allegations in the complaint as true, and make all reasonable factual inferences in Mr. Phillips-Bey's favor. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Additionally, we must construe his arguments liberally because he is pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must exhaust all administrative remedies available even if administrative procedures "would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

3

"An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.* at 1032.

The ODOC has outlined a multi-step process inmates must use to exhaust their administrative remedies. *See* ODOC Policy OP-090124. A prisoner must first file a Request to Staff within seven days of the incident. *Id.* OP-090124(IV). If the prison's response is unsatisfactory or if the prisoner does not receive a response within thirty days, the prisoner must file a Grievance Report Form. *Id.* OP-090124(IV)(B)(5); OP-090124(V). Finally, a prisoner may file an appeal to the administrative review authority. *Id.* OP-090124(VII)(B). "The ruling of the administrative review authority . . . will conclude the internal administrative remedy available to the inmate/offender." *Id.* OP-090124(VII)(D).

The record on appeal contains multiple copies of various Requests to Staff and Grievance Report Forms, but it does not contain a single documented appeal to the administrative review authority. In his brief on appeal, Mr. Phillips-Bey attempts to explain this, contending that after he received responses to his Grievance Report Forms, "he forward[ed] the grievances (with the answered request[s] to staff) to Director's Office." Aplt's Br. at 4. However, the "Director's Office refus[ed] to respond." *Id.*

"To satisfy the PLRA's exhaustion requirement, a prisoner must do more than allege that he has exhausted his administrative remedies. To [show

4

exhaustion], a prisoner must . . . attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005) (internal quotation marks, citation, and alteration omitted). Mr. Phillips-Bey's conclusory allegations are simply insufficient under *Simmat*. Mr. Phillips-Bey has failed to provide any written documentation of his appeals, and additionally has not described the administrative appeals proceedings with the required level of specificity. Assuming that the Director's Office is an appropriate place to send a final appeal, Mr. Phillips-Bey fails to explain what steps he took to follow up on his appeals with the Director's Office, whether the alleged refusal to respond was accompanied by any explanation, or any other details of his interaction that would enable us to decide whether Mr. Phillips-Bey had diligently pursued the administrative procedures available to him, as required by the PLRA.

## III. CONCLUSION

Because we conclude that Mr. Phillips-Bey has failed to exhaust all administrative remedies available to him, we AFFIRM the district court's dismissal of his claims pursuant to 42 U.S.C. § 1997e(a). We remind Mr. Phillips-Bey of his continuing obligation to make partial payments on his filing

5

fee until the entire fee has been paid.

Entered for the Court,


Robert H. Henry
Circuit Judge