F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN R. WASHINGTON,

Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; FIXICO, Officer; BOYD,
Warden; CHARLES RAY, Active
Warden; SEBELKA, Officer; and
STORY, Officer,

Defendants-Appellees.

No. 06-7025

(E.D. Oklahoma)

(D.C. No. CIV-03-364-WH)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Marvin R. Washington is an Oklahoma state prisoner proceeding pro se. He appeals the district court's dismissal of his complaint, which alleged several claims under 42 U.S.C. § 1983, including that defendants denied him due process when he was found guilty of a particular misconduct charge, discriminated against him with regard to another misconduct charge. He also alleges retaliation and denial of his equal protection rights for his filing of lawsuits, denial of his First Amendment rights to a Kosher diet and to purchase prayer oils from an outside vendor, cruel and unusual punishment through usurious commissary prices, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's dismissal without prejudice for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Mr. Washington alleges various constitutional violations that arise out of distinct events. With respect to his first claim, he alleges that on May 1, 2002, he was charged with and found guilty of Disobedience to Orders for possessing a personal pair of Reebok shoes. He contends that he was found guilty of the offense and punished with the loss of earned credits and canteen restrictions and a decrease in his earner credit level. Mr. Washington, who describes himself as

-2-

"black" inmate, alleges that other Caucasian inmates who were charged with misconduct had the charges dismissed.

Second, Mr. Washington alleges that on February 19, 2003, Officer Fixico issued him a misconduct for Disobedience to Order for smoking. Mr. Washington contends that there was no evidence of the offense and that a Caucasian inmate who was smoking received no misconduct.

As to his third claim, Mr. Washington alleges that as a "Black Hebrew Isralist [sic]" he was arbitrarily denied a Kosher diet and the use of prayer oils. *See* Rec. vol. I, doc. 25, at 7 (amended complaint filed Apr. 20, 2004). He contends that he was informed that only Islamists and Wiccans could receive prayer oils and that only Jews could be served a Kosher diet.

Finally, Mr. Washington contends that the prison grocery's more than 300 percent markup of certain items violated his Eighth Amendment right to be free from cruel and unusual punishment, as well as the state and federal usury laws, and RICO.

The defendants filed a motion for summary judgment, alleging that Mr. Washington has failed to exhaust his administrative remedies as certain of his claims under 42 U.S.C. § 1997e(a). The district court granted the motion and denial Mr. Washington's subsequent motion for clarification.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to exhaust administrative remedies. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). We accept the allegations in the complaint as true, and make all reasonable factual inferences in Mr. Washington's favor. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Additionally, we must construe his arguments liberally because he is pro se. *Id.; Haines v. Kerner,* 404 U.S. 519, 520 (1972).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must exhaust all administrative remedies available even if administrative procedures "would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.* at 1032.

As the district court explained, the Davis Correctional Facility, where Mr. Washington was housed during the alleged violations, has a three tier approach to resolving inmate complaints. To exhaust available remedies at the facility, an inmate must (1) attempt to resolve matters informally, (2) file a grievance with

the facility, and (3) appeal any unresolved matter to the facility head. *See* Rec. vol. II, doc. 66, Ex. A (Affid. of David Brown, dated May 27, 2005)

"To satisfy the PLRA's exhaustion requirement, a prisoner must do more than allege that he has exhausted his administrative remedies. To [show exhaustion], a prisoner must . . . attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005) (internal quotation marks, citation, and alteration omitted). The defendants indicate that Mr. Washington exhausted his prayer oils claim, and filed grievances but did not exhaust his smoking and usurious pricing claim, and did not appear to initiate the administrative process for his other claims. "The policies of the PLRA thus strongly support a reading of that statute that requires inmates to exhaust fully all of their claims before filing in federal court. If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." *Ross v. County of Bernalillo,* 365 F.3d 1181, 1190 (10th Cir. 2004). We agree with the district court's dismissal without prejudice.

We have carefully reviewed Mr. Washington's appellate brief, the district court's order, and the record on appeal, and agree that Mr. Washington has failed to exhaust all of his available administrative remedies. Nowhere in the record is

there evidence that Mr. Washington properly used the available prison grievance process to make and exhaust all of his constitutional claims.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal for failure to exhaust pursuant to 42 U.S.C. § 1997e(a) without prejudice.

Entered for the Court,


Robert H. Henry
Circuit Judge