**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD LEE ALLEN,

       Plaintiff - Appellant,

v.

1998 CHIEF MEDICAL OFFICER;
JACK GREGSTON, M.D.; MARK
FOGLE, M.D.,

       Defendants - Appellees.

No. 06-6177

(W.D. Oklahoma)

(D.C. No. 05-CV-00482-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

---

    Plaintiff-Appellant Richard Lee Allen, a state prisoner appearing *pro se*,

filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he received

inadequate medical treatment in violation of his constitutional rights during his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

incarceration in a private prison. He appeals the district court's dismissal without prejudice for failure to fully exhaust administrative remedies, and the district court's denial of his request to appoint counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I. BACKGROUND

Mr. Allen is an inmate in the custody of the Oklahoma Department of Corrections. From August 1998 through May 13, 2004, Mr. Allen was incarcerated at the Lawton Correctional Facility (LCF), a private prison. Throughout his incarceration at LCF, he sought and received treatment for a deteriorating spinal condition. On May 13, 2004, he was transferred to the Howard McLeod Correctional Center.

On November 14, 2004, Mr. Allen filed this action, alleging that during his time at LCF (1) the defendant doctors denied him adequate medical care in violation of the Eighth Amendment; (2) each defendant was deliberately indifferent to his medical needs; and (3) the unidentified "1998 Chief Medical Officer" deprived him of life's minimal necessities and endangered his present and future health.

The defendant doctors filed a motion to dismiss, or alternatively, for summary judgment, arguing in part that Mr. Allen failed to exhaust his administrative remedies. In his response, Mr. Allen sought to amend his

-2-

complaint to add the Director of the Oklahoma Department of Corrections as a defendant and requested that the Department be compelled to provide the acting Director's name.

In a thorough report and recommendation, the magistrate judge recommended dismissal of all claims. Specifically, the magistrate judge recommended that the district court (1) dismiss the complaint against the defendant doctors without prejudice because Mr. Allen failed to exhaust all administrative remedies; (2) dismiss the complaint against the unidentified 1998 Chief Medical Officer without prejudice because Mr. Allen failed to timely effect service under Federal Rule of Civil Procedure 4(m); and (3) deny the motion to amend because Mr. Allen failed to assert that the acting Director of the Oklahoma Department of Corrections personally participated in the alleged constitutional deprivations and failed to demonstrate that the claims against the current Director had been exhausted. The district court adopted the report and recommendation in full. It also denied Mr. Allen's motion for appointment of counsel.

## II. DISCUSSION

### A. FAILURE TO EXHAUST

Mr. Allen appeals the dismissal without prejudice of his claims against the defendant doctors, but he does not contest the dismissal of the unidentified 1998 Chief Medical Officer or the denial of his motion to amend.

We review de novo a district court's dismissal of a complaint for failure to exhaust administrative remedies. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). We accept Mr. Allen's allegations in his complaint as true, and make all reasonable factual inferences in his favor. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Moreover, we construe his arguments liberally because he is pro se. *Id.*

Section 1997e(a) of the Prison Litigation Reform Act (PLRA) commands that "'[n]o action shall be brought with respect to prison conditions' until a prisoner exhausts his available administrative remedies." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1206 (10th Cir. 2003) (quoting 42 U.S.C. § 1997e(a)). "[T]he substantive meaning of § 1997e(a) is clear: Resort to a prison grievance process must precede resort to a court." *Id.* at 1207 (internal quotation marks, brackets, and citation omitted). Additionally, the PLRA contains a total exhaustion requirement, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

As the magistrate judge noted, proper exhaustion in this case would have entailed full compliance with the three-step grievance procedure of the Oklahoma Department of Corrections as to each of Mr. Allen's claims. On appeal, Mr. Allen concedes that he failed to exhaust that procedure; however, he contends that "special circumstances . . . could excuse [his] failed efforts to exhaust." Aplt's

Br., Attachment 2, at 6. He argues that his "state of mind" and "distressed condition" during his imprisonment at LCF should exempt him from the exhaustion requirement. Aplt's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Attachment 2, at 15. He also argues that his transfer to a new prison in 2004 prevented him from complying with the Oklahoma Department of Corrections's grievance process.

We must disagree. The Supreme Court has "stress[ed] the point" that we cannot "read futility or other exceptions into [the PLRA's] exhaustion requirement where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Thus, "[e]ven where the 'available' remedies would appear to be futile . . . the prisoner must exhaust the administrative remedies available." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Accordingly, Mr. Allen's admitted failure to fully exhaust all available administrative remedies cannot be excused, and the district court correctly dismissed without prejudice Mr. Allen's action against the defendant doctors. Because Mr. Allen's complaint contains unexhausted claims, it must be dismissed in its entirety. *Ross*, 365 F.3d at 1189.

## B. APPOINTMENT OF COUNSEL

Mr. Allen appeals the district court's denial of his motion to appoint counsel. Additionally, he has filed a motion in this court requesting the appointment of counsel on this appeal.

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Because Mr. Allen failed to exhaust his administrative remedies in conformity with § 1997e(a), prior to filing suit in federal court, the district court did not abuse its discretion in denying Mr. Allen's request. Similarly, appointment of counsel in this appeal is not warranted.

## III.  CONCLUSION

Having thoroughly reviewed the magistrate judge's report and recommendation, the district court's order, the parties' briefs, the record on appeal, and the pertinent law, we agree with the district court's ruling and AFFIRM its dismissal of Mr. Allen's claims without prejudice pursuant to 42 U.S.C. § 1997e(a). Further, Mr. Allen's motion to appoint counsel is DENIED. We remind Mr. Allen that he must continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Robert H. Henry
Circuit Judge