FILED
United States Court of Appeals
Tenth Circuit

July 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY VAUGHN PINSON,

      Petitioner–Appellant,

v.

BLAKE DAVIS,

      Respondent–Appellee.

No. 13-1031
(D.C. No. 1:11-CV-01965-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Jeremy Pinson, a federal prisoner proceeding pro se, seeks to appeal the denial of

his 28 U.S.C. § 2241 petition. However, the only order properly before us is the district

court's denial of his Fed. R. Civ. P. 60(b) motion. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm that denial.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Pinson applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was denied due process in three prison disciplinary proceedings. The district court dismissed his case on April 25, 2012. On June 11, 2012, more than twenty-eight days after the entry of judgment, Pinson filed a Motion to Vacate Judgment. The district court construed the motion as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) and denied it on January 9, 2013.

On February 4, 2013, Pinson filed a notice of appeal citing both the April 25, 2012 dismissal and the January 9, 2013 denial of his motion to reconsider.

# II

Pinson's Rule 60(b) motion did not toll the time to appeal the district court's dismissal of his habeas petition because it was not filed within twenty-eight days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A). Accordingly, the only order properly before us is the denial of his Rule 60(b) motion. See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011) (appeal from the denial of a Rule 60(b) motion does not preserve the underlying judgment for review).

We review the denial of a Rule 60(b) motion for abuse of discretion. Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167, 1172 (10th Cir. 2013). "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotation omitted). Although we

liberally construe pro se filings, Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005), we may not "assume the role of advocate" and make Pinson's arguments for him, Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

After the government filed a response to Pinson's habeas petition, Pinson did not file a reply within the time allowed. According to Pinson, prison officials failed to mail his reply or it was lost by the postal service. When the district court denied his habeas petition, Pinson sought to vacate the judgment and sought leave to file his reply. Pinson argues that the district court abused its discretion in denying his motion because it waited months before issuing a ruling and erroneously faulted Pinson for failing to file the reply. He asserts that he could not have filed the reply without first obtaining permission from the court to do so.

The district court concluded that Pinson's delay in submitting his reply was unreasonable because Pinson waited nearly five months to submit his motion to vacate. We agree with the district court that Pinson could have attached his reply to the motion to vacate, but unreasonably failed to do so.

Moreover, the district court denied Pinson's claims on the merits after thoroughly reviewing the process Pinson was accorded for each of his three disciplinary infractions. In his motion to vacate, notice of appeal, and brief on the merits, Pinson has never described the arguments or assertions he included in the reply brief he claims was lost. We fail to see, and Pinson does not suggest, how his reply would counter the arguments contained in the government's response to his habeas application. We cannot conclude

that Pinson has alleged "extraordinary" circumstances warranting Rule 60(b) relief. Butler, 532 F.3d at 1110 (quotation omitted).

## III

We **AFFIRM** the district court's denial of Pinson's Rule 60(b) motion. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge